# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Ricardo Samaroo ("Samaroo") and Key Food Stores Co-Operative, Inc. ("Key Food").

WHEREAS, Samaroo was an employee of Key Food; and

WHEREAS, Samaroo filed a lawsuit in the United States District Court for the Southern District of New York in the matter of *Samaroo v. Key Food Stores Co-Operative, Inc.*, Civil Action No. 15-9830 (LTS)(JCF) ("the Federal Court action"); and

WHEREAS, Key Food has denied the material allegations of the Federal Court action and has asserted a number of affirmative defenses; and

WHEREAS, there exists significant uncertainty concerning the potential outcome of the Federal Court action; and

WHEREAS, Samaroo and Key Food desire to resolve the differences between them in the Federal Court action without resort to further litigation and costs;

NOW, THEREFORE, in consideration of the mutual promises herein contained, it is hereby agreed as follows:

1.  This Agreement shall not in any way be construed as an admission by any party, or any of their owners, principals, affiliates, subsidiaries, predecessors, successors, divisions, officers, directors, insurers, agents, members or employees of any claim or defense made by an opposing party. Key Food, on behalf of itself and its owners, principals, affiliates, subsidiaries, predecessors, successors, divisions, officers, directors, insurers, agents, members

and employees, expressly denies any wrongdoing with regard to the employment of Samaroo, including but not limited to the payment of wages to Samaroo.

2. Key Food shall pay Samaroo a total of Eighteen Thousand Five Hundred and no/100 Dollars ($18,500.00), made payable as follows:

    a. $5,282.74, less legally required deductions and withholdings, representing overtime wages, made payable to Ricardo Samaroo;

    b. $5,282.74, representing liquidated and other damages, made payable to Ricardo Samaroo; and

    c. $7,934.52, representing attorneys' fees and costs, made payable to Phillips & Associates.

The parties understand and agree that Key Food will issue a W-2 form for the amount of the settlement allocated to overtime wages and IRS-1099 forms for the amounts of the settlement allocated to liquidated and other damages and attorneys' fees and costs. The payments in this paragraph shall be sent to Casey Wolnowski, Phillips & Associates, 45 Broadway, Suite 620, New York, New York, 10006, within thirty (30) days of the Court's approval of this agreement and, consequently, dismissal of the Federal Court action, with prejudice and without costs, subject to the right of Samaroo upon good cause shown within 60 days, to apply to this Court to enforce the terms in paragraph 2 of the settlement agreement.

3. The parties agree that the above payment represents complete settlement of any and all claims that were raised in the Federal Court action, including but not limited to claims for attorneys' fees, costs and expert fees. Samaroo agrees that, in the event any local, state or federal agency or court should determine that any portion of said sum is subject to the

payment of taxes, it shall be his sole responsibility to pay such taxes. Samaroo indemnifies and holds Key Food harmless for any tax liabilities relating to the payment of said sum. Samaroo's attorney shall provide Key Food's attorney with a completed IRS Form W-9. Further, together with delivery of this Agreement, signed by Samaroo, to Key Food's attorney, Samaroo shall provide his current address, social security number, date of birth and completed IRS Form W-4.

4.  Samaroo hereby releases and forever discharges Key Food, its member stores, and their owners, principals, affiliates, subsidiaries, divisions, officers, predecessors, successors, directors, agents, attorneys, insurers, employees and assigns (hereinafter "the Released Parties"), from any and all actions, causes of action, suits, claims or complaints which he may have or claim to have, whether or not presently known to him, as a result of or related to the payment of wages, as addressed more fully in paragraph 5 of this Agreement.

5.  Samaroo acknowledges and agrees that the foregoing release, in paragraph 4, includes but is not limited to claims arising under any contract, promise or agreement concerning compensation by reason of his employment by Key Food and any federal, state or local laws governing wages, wage payment, wage calculation, wage notices, wage disclosures, hours worked, overtime wages, minimum wage, spread-of-hours pay, and the protection of employees asserting or complaining of any rights related to wages, wage payment, wage calculation, wage notices, wage disclosures, hours worked, overtime wages, minimum wage or spread-of-hours pay. By way of example only, the release includes, but is not limited to, claims under:

>   Fair Labor Standards Act
>   New York Labor Law
>   New York Wage Theft Prevention Act

Federal, state or local counterparts to any of the above laws

Any amendments to any of the above laws

6. Samaroo promises not to sue any of the Released Parties based upon any claims released by this Agreement. If Samaroo breaches this promise, Samaroo will pay all costs and expenses of defending against the suit, including reasonable attorneys' fees and costs. This paragraph shall not apply to lawsuits solely challenging the validity, enforceability or applicability of this Agreement.

7. Samaroo represents that he has no complaints against any of the Released Parties concerning any claims released in paragraphs 4 and 5 of this Agreement, except as asserted in the Federal Court action. Samaroo agrees that if any court, tribunal or administrative agency of competent jurisdiction assumes or has assumed jurisdiction over any such complaint, he will promptly request in writing that the court, tribunal or administrative agency withdraw the matter with prejudice. Further, Samaroo waives and releases the right to recover economic damages awarded in any action brought by or before any administrative agency or any purported class or collective action that relates to any claims released in paragraphs 4 and 5 of this Agreement.

8. Samaroo authorizes and directs his legal counsel to take all reasonable steps the effect the dismissal of the Federal Court action with prejudice and without costs. This Agreement shall not become effective or enforceable until it is approved by the Court and, consequently, the Federal Court action is dismissed with prejudice, without costs, subject to the right of Samaroo upon good cause shown within 60 days, to apply to this Court to enforce the terms in paragraph 2 of the settlement agreement.

9. Samaroo specifically acknowledges that this Agreement and the monies he is to receive under it is a fair and reasonable resolution of a bona fide dispute over FLSA and New York Labor Law provisions, time worked, the claims he raised in the Federal Court action and the defenses raised in the Federal Court action. Samaroo acknowledges that he and his counsel conducted a thorough investigation into the allegations and defenses underlying the Federal Court action and agrees that the settlement set forth in this Agreement is fair, reasonable, adequate and in Samaroo's best interests in light of all known facts and circumstances, including the risk of loss, risk of significant delay and potential appellate issues.

10. Except for communications Samaroo might make directly to a federal, state or local government agency, Samaroo agrees that he shall make no remarks, written or verbal, intended to adversely affect, or having a reasonable likelihood of adversely affecting, the good name and reputation of any of the Released Parties. If asked by any third party about the Federal Court action, unless more disclosure is required by legal process, Samaroo shall represent only that the matter was resolved to the satisfaction of the parties.

11. For any written reference request directed to Key Food's Human Resources Department, Key Food shall provide a response that includes only Samaroo's dates of employment and last position held.

12. The parties agree that this Agreement contains the entire understanding of the parties, that there are no additional promises or terms between the parties other than those contained herein, and that this Agreement shall not be modified except in writing signed by each of the parties.

13. This Agreement shall in all respects be interpreted, enforced and governed under the laws of the State of New York.

14. Each party has cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any party.

15. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, then they shall not be deemed to be a part of this Agreement.

16. The parties agree that the District Court shall retain jurisdiction over this matter so as to enable any party to apply to it, subsequent to dismissal of the case with prejudice, for further orders or directions as may be necessary or appropriate to enforce compliance with this Agreement.

17. This Agreement may be executed in one or more counterparts, which taken together shall constitute one and the same document.

18. Before signing this Agreement, Samaroo states that:

a. he has read and understands this Agreement;
b. he has had a reasonable and adequate period of time to consider his rights and obligations under this Agreement;
c. before executing this Agreement, he has consulted with his attorney; and
d. he has elected to enter into this Agreement knowingly and voluntarily.

Accepted and agreed to,

_____
RICARDO SAMAROO

State of New York
                          ss:
County of NY

8/11/16
Dated

On the 11th day of Aug., 2016, before me, the undersigned, personally appeared Ricardo Samaroo, proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that by his signature on the instrument he executed the instrument

_____
Notary Public

_____
KEY FOOD STORES CO-OPERATIVE, INC.

By: _Aliceann Conosthent_

August 16, 2016.
Dated

APPROVED THIS _____ day of _____, 2016. It is hereby ORDERED that this action is hereby dismissed with prejudice and without costs, subject to the right of Samaroo upon good cause shown within 60 days, to apply to this Court to enforce the terms in paragraph 2 of the settlement agreement. The terms of the settlement agreement are incorporated herein by reference and the Court shall retain jurisdiction over the settlement agreement to enforce its terms.

SO ORDERED:

_____
Hon. Laura Taylor Swain, U.S.D.J.